

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2005

# Johnson v. Ballys Atl City

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1180

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Johnson v. Ballys Atl City" (2005). *2005 Decisions.* Paper 569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 05-1180

————

DANIEL JOHNSON,

Appellant

v.

BALLY'S ATLANTIC CITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(Civ. No. 03-cv-3126)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit LAR.34.1(a)
September 2, 2005

BEFORE: VAN ANTWERPEN, GREENBERG and NYGAARD, CIRCUIT JUDGES

(Filed: September 7, 2005)
_____

OPINION
_____

PER CURIAM

    Daniel Johnson filed this employment discrimination suit pro se under Title VII of

the Civil Rights Act of 1964, against his former employer, Bally's Atlantic City

("Bally's").[1] Johnson, who is African-American, was employed as a part-time dealer in one of Bally's' casinos. Johnson alleges that he was regularly subjected to racist comments by casino customers using the racial slur "monkey" in reference to him and shouting phrases such as "Come on, monkey," "You, monkey," and "Big monkey," while they gambled at his table. Johnson asserts that, although he complained, Bally's failed to take remedial action and his supervisors intentionally assigned him to tables with verbally abusive customers. Johnson also alleges that he was physically harassed by Bally's staff, who touched him without his permission and directed customers and cleaning staff to block his path and bump into him. Johnson asserts that these conditions caused him distress and that he was discharged in retaliation for complaining. Johnson seeks reinstatement, back pay, and damages.

In its motion for summary judgment, Bally's argued that Johnson failed to establish a prima facie claim under the framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Bally's also asserted that Johnson was discharged for misconduct, not in retaliation. Johnson filed a letter motion responding to Bally's' summary judgment motion, to which he attached a number of supporting documents. The District Court granted Bally's' motion. Johnson appeals the District Court's order, again proceeding pro se.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction

---

[1]As the parties are familiar with the facts, we recite them here only as necessary to our discussion.

pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo and apply the same test that the District Court should have used. See Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). The party moving for summary judgment under Federal Rule of Civil Procedure 56(c) bears the burden of identifying the portions of the record which it believes "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If there is any evidence in the record from any source from which a reasonable inference may be drawn in favor of the nonmoving party, the moving party is not entitled to summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir. 1996) (internal citations omitted).

We must read Johnson's pro se pleadings liberally and apply the correct law regardless of whether he has mentioned it by name. See Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). Bally's argues that Johnson fails to make out a prima facie case of discrimination under McDonnell Douglas. Bally's misperceives the nature of Johnson's first claim, which is a hostile work environment claim. See Meritor Savings Bank v. Vinson, 477 U.S. 57, 64 (1986). In order to establish a hostile work environment claim based on racial discrimination, a plaintiff must show that (1) he suffered intentional discrimination because of race, (2) the discrimination was pervasive

3

and regular, (3) the discrimination detrimentally affected him, (4) the discrimination would detrimentally affect a reasonable person of the same race in that position, and (5) the existence of respondeat superior liability. Aman at 1081 (internal citations omitted). An employer may be liable under Title VII for the harassing conduct of third parties if the employer was aware of the conduct and failed to take reasonable remedial action in response. See Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1073-74 (10th Cir. 1998); cf. Weston v. Pennsylvania, 251 F.3d 420, 427-28 (3d Cir. 2001).

In his summary judgment response, Johnson provided copies of complaints he sent to Bally's' Labor Relations Department, sick call slips, and a memorandum from his floor manager describing two incidents of unwanted touching. Bally's neither filed a reply to Johnson's response to address this evidence nor addressed Johnson's hostile environment claim in any of its pleadings. Bally's thus failed to show an absence of material fact as to the hostile environment claim and was therefore not entitled to summary judgment on this claim. See Celotex at 323.

Johnson's second claim is that he was discharged in retaliation for complaining about the hostile work environment. In order to state a claim of retaliatory discharge, Johnson must show that (1) he engaged in a protected activity; (2) he was discharged subsequent to or contemporaneously with such activity; and (3) a causal link exists between the protected activity and the discharge. See Aman at 1085 (citing Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)). The parties do not dispute that Johnson

4

engaged in protected activity or that he was subsequently discharged. Bally's argues that Johnson cannot establish a causal link because he was discharged for making threatening remarks to Frank Campbell, a fellow employee. Bally's submitted written statements from Campbell, as well as Sonia Reyes and H. Yacaub (Bally's employees and witnesses to the incident between Johnson and Campbell) in support.

Johnson does not dispute that he spoke with Campbell. He argues, however, that his remarks were not threatening and that the misconduct charge is pretextual. In his summary judgment response, Johnson submitted copies of the same witness statements supplied by Bally's. Johnson argues that Campbell's statement is consistent with his own version of events – that Johnson merely told Campbell that he should not call him names while he is working and should do so only "outside" of work. Johnson contends that Campbell's notation that he had felt threatened was added after Johnson was terminated and that Reyes' and Yacaub's statements inaccurately twist his use of the word "outside" and are inconsistent with Campbell's statement. Johnson also points out that none of the witnesses' statements are sworn and that Reyes' statement is dated two days *after* Johnson was terminated. Again, as Bally's did not file a reply to Johnson's response, it did not address Johnson's evidence or arguments. In addition to considering temporal proximity, the District Court should have considered Johnson's circumstantial evidence of pretext in evaluating his retaliation claim. See Jalil at 707.

For the foregoing reasons we will vacate the District Court's order granting

5

summary judgment to Bally's and will remand for further proceedings. If the District Court determines on remand that the issues are sufficiently complex or involve credibility determinations, the court may wish to consider appointing counsel under 28 U.S.C. § 1915(e). See Tabron v. Grace, 6 F.3d 147, 156-57 (3d Cir. 1993).